IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, BIG BEAT RECORDS, INC., CAPITOL RECORDS, LLC, CAROLINE RECORDS, INC., ELEKTRA ENTERTAINMENT GROUP INC., EMI CHRISTIAN MUSIC GROUP INC. (d/b/a SPARROW RECORDS AND FOREFRONT RECORDS), INTERSCOPE RECORDS, LAFACE RECORDS LLC, MOTOWN RECORD COMPANY, L.P., PRIORITY RECORDS, LLC, RHINO ENTERTAINMENT COMPANY, SIRE RECORDS COMPANY (d/b/a of WBR/SIRE VENTURES INC.), SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., VIRGIN RECORDS AMERICA, INC., WARNER BROS. RECORDS INC., and ZOMBA RECORDING LLC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:09-cv-0827 |
| TIME WARNER, INC., WARNER BROS. ENTERTAINMENT, INC., WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION, WARNER BROS. TELEVISION, TELEPICTURES PRODUCTIONS, INC., WAD PRODUCTIONS, INC. (d/b/a "THE ELLEN DeGENERES SHOW"), A VERY GOOD PRODUCTION, and CRAZY MONKEY, INC. (d/b/a A VERY GOOD PRODUCTION), | ) ) ) ) ) ) ) ) ) ) | JURY DEMAND<br>Judge Campbell<br>Magistrate Judge Knowles |
| Defendants. | ) | |

**[PROPOSED] CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d), the parties submit the following Proposed Case Management Order:

1. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1338 and 1367.

2. **Theories of the Case**:

a. **Plaintiffs' Theory**: Nineteen record labels ("Plaintiffs") collectively allege that Defendants used thousands of sound recordings owned or controlled by Plaintiffs on *The Ellen DeGeneres Show* without acquiring the proper licenses. Defendants create, produce, distribute and/or broadcast *The Ellen DeGeneres Show,* which is a daily television talk show. Defendants wrongfully used Plaintiffs' sound recordings (which include many of Plaintiffs' most valuable copyrighted works) in a number of different segments on *The Ellen DeGeneres Show*. Despite knowing that licenses were required to exploit the sound recordings, Defendants made no effort to obtain the necessary rights related to the sound recordings. Defendants' conduct was intentional and willful and undertaken with a complete disregard of Plaintiffs' rights. Plaintiffs seek damages for Defendants' copyright infringement in connection with Plaintiffs' sound recordings, for Defendants' violations and infringements at common law and pursuant to the Tennessee Consumer Protection Act.

b. **Defendants' Theory**: The Plaintiffs (the "Labels") knew from the earliest days of *The Ellen DeGeneres Show* (the "Show") – more than six years ago – that the Show was using recorded music several times on each episode. The Labels recognized that the huge popularity of the Show's host, Ellen DeGeneres, and her repeated pitches to her audience to buy the music being played on the Show, contributed enormously to the sale of the Labels' songs and CDs. The Labels not only acquiesced in the use of their songs, they actively encouraged the Show to use more of their songs and to use them more extensively. To come into Court now and

feign outrage at the Show's use of their recordings, after having profited enormously from the Show's promotion of their music, is the height of hypocrisy.

In light of the current state of the pleadings, Defendants do not believe that a schedule should be set at this time. Defendants' responses to the First Amended Complaint are not due until November 30, 2009. At that time, Defendants expect to file Rule 12 motions. The Defendants also expect to seek transfer of the case pursuant to 28 U.S.C. § 1404(a) to the Central District of California. Instead of setting a schedule at this time, Defendants propose that a subsequent case management conference be conducted upon resolution of the Rule 12 motions, if any part of the litigation survives and remains in the Middle District of Tennessee.

3. **Identification of Issues Resolved and Issues in Dispute**: None of the essential issues in this litigation has yet been resolved by agreement of the parties.

4. **Schedule of Pre-Trial Proceedings**:

The Plaintiffs propose the schedule set forth below. The Defendants propose that a subsequent case management conference be conducted upon resolution of the Rule 12 motions, if any part of the litigation survives and remains in the Middle District of Tennessee.

a. **Rule 26(a)(1) Disclosures**: The Plaintiffs propose that the parties shall make their Rule 26(a)(1) disclosures within 21 days of the Initial Case Management Conference. The Defendants propose that such disclosures be made within 21 days of the resolution of the Rule 12 motions, if any part of the litigation survives and remains in the Middle District of Tennessee.

b. **Discovery**: Discovery shall be conducted in accordance with Rules 30, 33, 34 and 36 of the Federal Rules of Civil Procedure and Local Rules 32.01, 33.01, 34.01 and 36.01. The Plaintiffs propose that discovery not be stayed during dispositive motions unless

ordered by the Court; the Defendants propose that discovery be stayed during dispositive motions. The Plaintiffs propose that all fact discovery shall be completed on or before **November 2, 2010,** and that discovery shall be served sufficiently in advance of the aforementioned deadline so that responses will be due on or before the deadline. The Defendants propose that a deadline for discovery be set at a subsequent case management conference upon resolution of the Rule 12 motions, if any part of the litigation survives and remains in the Middle District of Tennessee.

      **c.**    **E-Discovery**: The Plaintiffs propose that in the event the parties' early dispute resolution efforts are unsuccessful, they exchange all necessary information and submit to the Court an E-Discovery plan as required by Administrative Order 174 on or before **December 17, 2009**. The Defendants propose that this obligation be postponed until after resolution of the Rule 12 motions and that a deadline for exchanging an e-discovery plan be set at a subsequent case management conference.

    **5.**    **Declaration of Experts**: The Plaintiffs propose that on or before **December 3, 2010**, each party shall disclose its initial expert witness or witnesses and provide all the information specified in Rule 26(a)(2)(B). On or before **January 7, 2011**, each party shall disclose any rebuttal expert witness or witnesses and provide all the information specified in Rule 26(a)(2)(B). The parties shall depose all expert witnesses on or before **February 18, 2011**. The Defendants propose that such deadlines be revisited upon resolution of the Rule 12 motions. The Defendants also propose that Plaintiffs designate their expert(s) before Defendants designate their own.

6. **Motions**:

   a. At this time, the parties do not anticipate filing any counter-claims, cross-claims or third-party claims. However, the parties may pursue any of the above, in accordance with the Federal Rules of Civil Procedure. The Plaintiffs propose that any motion to amend the pleadings or join parties shall be filed on or before **April 1, 2010**. The Defendants propose that such deadlines be revisited upon resolution of the Rule 12 motions.

   b. The Plaintiffs propose that discovery-related motions shall be filed on or before **November 16, 2010**. The Defendants propose that such deadlines be revisited upon resolution of the Rule 12 motions. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

   c. The Plaintiffs propose that dispositive motions shall be filed on or before **March 11, 2011** and that responses to dispositive motions shall be filed on or before **April 15, 2011**. The Defendants propose that such deadlines be revisited upon resolution of the Rule 12 motions, but that the deadline to respond to any dispositive motion be 21 days after any such motion is served and that the deadline to file a reply be 14 days after such response is served, pursuant to Fed. R. Civ. P. 56(c) (effective December 1, 2009), assuming that leave to file a reply is filed and granted, pursuant to LR7.01(b).

7. **Alternative Dispute Resolution**: The parties unsuccessfully mediated this dispute before this action was filed.

8. **Additional Case Management Conferences:** The Plaintiffs propose that the parties shall notify the Magistrate Judge on or before **November 5, 2010** should they determine an additional Case Management Conference is necessary. The Defendants propose that a

5
Case 3:09-cv-00827   Document 25   Filed 11/05/09   Page 5 of 7 PageID #: 165

subsequent Case Management Conference be conducted upon resolution of the Rule 12 motions, if any part of the litigation survives and remains in the Middle District of Tennessee.

9. **[Target] Trial Date**: A jury trial of this matter is set for _____. Trial is expected to last two weeks. The pre-trial conference shall be set for _____, at _____.

IT IS SO ORDERED.

_____
Magistrate Judge Knowles

APPROVED FOR ENTRY:


s/ Tim Harvey
Timothy L. Warnock (BPR #12844)
Tim Harvey (BRP #21509)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700 – telephone
(615) 320-3737 – facsimile
twarnock@rwjplc.com
tharvey@rwjplc.com
*Counsel for Plaintiffs*


s/ Stephen J. Zralek (with permission TGH)
Stephen J. Zralek (B.P.R. No. 18971)
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238-6305
Facsimile: (615) 238-6301
szralek@bonelaw.com

and

Aton Arbisser, *pro hac vice to be submitted*
Kaye Scholer, LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 788-1015
Facsimile: (310) 229-1815
aarbisser@kayescholer.com

*Counsel for Defendants (except for Crazy Monkey,*
Inc. (dba A Very Good Production), which has not yet appeared)

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically and as such, this document was served via electronic service upon:

Stephen J. Zralek
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219

Aton Arbisser
Kay Scholor, LLP
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067

And U. S. mail, postage prepaid upon:

Crazy Monkey, Inc.
c/o Harley J. Neuman, Agent for Service
16255 Ventura Boulevard, Suite 920
Encino, CA 91436

this 5th day of November, 2009.

                s/ Tim Harvey