IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARISTA MUSIC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-0827 |
| | ) | JUDGE CAMPBELL |
| TIME WARNER, INC., et al., | ) | MAGISTRATE JUDGE KNOWLES |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. RULE 12(e))**

Defendants Time Warner, Inc.; Warner Bros. Entertainment Inc.; Warner Bros Television Distribution Inc.; Telepictures Productions Inc.; and WAD Productions Inc.[1] ("Defendants"), through their counsel, hereby file this Reply Memorandum in Support of their Motion for a More Definite Statement. This reply memorandum is filed concurrently with the Declaration of Michael J. Schenk ("Schenk Decl.").

## I. INTRODUCTION

Plaintiffs Arista Records, et al. ("the Labels") assert that "Defendants have exclusive control over the precise information that they claim is missing from the Amended Complaint." (Opp. at 3.) Nothing could be further from the truth. Without ownership information -- or at least copyright registration numbers -- for the musical recordings at issue, Defendants have no way of knowing which Label is suing for which work, or whether the Labels are suing under federal or Tennessee law.

---

[1] Two other purported defendants appear in the Plaintiffs' caption, but they are not separate legal entities. Warner Bros Domestic Television is merely a division of Warner Bros. Television Distribution Inc. and A Very Good Production is merely a trade name of Crazy Monkey, Inc.

The Labels' decision to omit basic ownership information from their pleadings effectively prevents Defendants from assessing whether motions to dismiss are appropriate. As currently presented, several of the Labels have not identified a single copyright that they claim to own, thus making those Labels' claims subject to dismissal. However, it is possible that some or all of those Labels claim ownership of copyrights relating to one or more of the sound recordings identified in Exhibit C to the First Amended Complaint. Because Exhibit C contains no ownership information, Defendants are unable to make this determination.

Further, the Labels have not identified which of the songs in Exhibit C they claim are protected by the Copyright Act, and which songs are protected by Tennessee law. As such, Defendants still do not know whether each Label is pursuing claims under the copyright laws or under Tennessee law relating to the sound recordings at issue.

As made clear in the case law, Defendants' failure to provide registration information renders their copyright claims non-compliant with F.R.C.P. Rule 8. *See Kelly v. L.L. Cool J*, 145 F.R.D. 32 (S.D.N.Y. 1992); *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005). In fact, the Labels' first amended complaint combines the pleading violations addressed in *Kelly* with other violations addressed in *Four Navy Seals*. The result is a vague legal pleading to which Defendants cannot be expected to respond.

As such, Defendants request that this Court adopt the same approach taken in *Kelly* and *Four Navy Seals* by granting Defendants' motion and ordering the Labels to provide a more definite statement of their claims.

//

//

## II. LEGAL ARGUMENT

### A. Defendants Are Attempting to Respond to the Labels' First Amended Complaint -- They Are Not Using This Motion as a Substitute for Discovery.

The Labels wrongly accuse Defendants of filing this motion in lieu of serving discovery. But Defendants should not have to file discovery requests to learn the most basic parameters of this lawsuit -- who is suing for what. Defendants are entitled to this basic information at the pleadings stage in order to evaluate a proper response to the Labels' complaint. *See* FRCP Rule 8(a)(2) (a complaint "must contain" "a short and plain statement of the claim showing that the pleader is entitled to relief.").

> 1. <u>Defendants Are Entitled to Ownership Information in Order to Evaluate Their Right to File a Rule 12(b)(6) Motion Against Some Labels Regarding Count I.</u>

As explained in Defendants' motion, Count I of the First Amended Complaint alleges copyright infringement on behalf of all of the Labels. While they collectively claim to own a copyright for each of the sound recordings listed on Exhibit A and the "pertinent" sound recordings among the more than 5000 listed on Exhibit C, the Labels fail to identify which Label is claiming ownership of which sound recordings.

Because the Labels provided registration information for the songs listed in Exhibit A, Defendants were able to investigate ownership information through the public copyright registry. Defendants' search revealed that six of the Labels do not own a single recording listed in Exhibit A. These Labels are Big Beat Records, Inc., Caroline Records, Inc., EMI Christian Music Group, Inc. (d/b/a Sparrow Records and Forefront Records), Laface Records LLC, Rhino Entertainment Company, and Sire Records Company (d/b/a of WBR/SIRE Ventures, Inc.). (Schenk Decl. ¶ 2.)

Unless these six Labels own a copyright for one of the recordings listed in Exhibit C, they are subject to motions to dismiss pursuant to Rule 12(b)(6). But Defendants have no way of knowing whether these entities own any of copyrights for the recordings listed in Exhibit C because the Labels have not provided ownership information. Unless this

Court orders the Labels to provide a more definite statement, the time for Defendants to file a 12(b)(6) motion will have expired by the time Defendants learn whether these six Labels have any stake in this litigation.

> 2. Defendants Also Need Ownership Information to Support Their Motion to Transfer Venue.

The Labels' vague pleadings also prevent this Court from properly evaluating Defendants' motion to transfer this action to the Central District of California by concealing to what extent the Labels purport to invoke Tennessee law. In their First Amended Complaint, the Labels claim to enjoy Tennessee common law protection for the songs listed in Exhibit B, as well as "pertinent" unspecified songs in Exhibit C. The Labels' facile suggestion that Defendants should simply check compact disc labels to find out the year each recording was released ignores the fact that the Labels have likely registered copyrights for the pre-1972 songs on Exhibit C, preventing Defendants from determining the extent to which the Labels are asserting any legitimate Tennessee Law claims.

With respect to the songs listed in Exhibit B, Defendants have determined that the Labels registered copyrights for every single song. (*See* Schenk Decl. ¶ 3.) But Defendants cannot perform the same evaluation regarding the songs listed in Exhibit C because Defendants have no way of knowing which are the "pertinent" songs for which the Labels claim Tennessee common law protection. As such, a more definite statement is required to determine whether the Labels have any non-preempted state law claims at all, or whether the Labels have asserted Tennessee law claims merely as an anchor to draw Defendants into an inconvenient forum.

For these reasons, Defendants emphatically are not seeking to use a 12(e) motion in lieu of discovery, thus distinguishing the Labels' citations to *Arista Records, LLC v.*

*Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006).[2]  Accordingly, this Court should grant Defendants' motion to prevent the Labels from concealing basic ownership information that Defendants are entitled to receive at the pleadings stage.

**B.     Other Courts Have Granted 12(e) Motions in Analogous Circumstances.**

As set forth in Defendants' motion, courts evaluating similarly confusing copyright pleadings have ordered plaintiffs to provide a more definite statement.  For example, in *Kelly v. L.L. Cool J*, 145 F.R.D. 32 (S.D.N.Y. 1992), a composer alleged that he had copyrighted two songs, which the defendant had infringed.  The composer's complaint included a certificate with a copyright registration number for only one of the two songs.  Accordingly, the court held that the composer adequately alleged ownership of a registered copyright in the first song, but not the second song.  Given this defect, the court held that the plaintiff had failed to comply with F.R.C.P. Rule 8:

> [The composer]'s complaint has failed to meet the requirements of Rule 8 by failing to allege that the copyright on one of his songs has been registered pursuant to the statute.  [¶]  These defects in the complaint are such that it would be unreasonable to require defendant to respond to the complaint as it now stands. Therefore, defendant's motion for a more definite statement pursuant to Rule 12(e) is granted.[3]

*Id.* at 37.

*Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005), is also instructive.  In *Four Navy Seals*, the plaintiffs alleged that some unspecified plaintiff owned a copyright in at least one of the 1,800 photographs at issue

---

[2] *Greubel* is also distinguishable on several other grounds, as set forth in Defendants' motion.

[3] The Labels' opposition correctly notes that "The *Kelly* courted granted the defendant's Rule 12(e) motion because the plaintiff failed to allege ownership of the copyrights at issue," (Opp. at 8.)  What the Labels fail to grasp is that the reason why *Kelly* held that the plaintiff's ownership allegations were inadequate was *because the plaintiff did not attach registration information* for one of the songs at issue.  *See Kelly*, 145 F.R.D. at 37.

in the case. As in *Kelly*, the Court held that the plaintiffs' vague copyright allegations failed to comply with Rule 8:

> Plaintiffs have not clearly pleaded the first element of infringement, ownership of a valid copyright. Merely asserting that, of 1800 photographs . . . , at least one unidentified photograph has been copyrighted by an unidentified [plaintiff] and was distributed by Defendants does not put Defendants or the Court on sufficient notice of the copyright claim. The Complaint does not identify exactly which works Defendants infringed, and Plaintiffs have not indicated when the works were registered. Defendants' implied motion to compel a more definite statement is GRANTED. Plaintiffs may amend their Complaint to clarify the allegations concerning the copyrighted items, pursuant to Federal Rule of Civil Procedure 12(e).

*Id.* at 1148.

In this case, the Labels committed all the same Rule 8 violations as the plaintiffs in both *Kelly* and *Four Navy Seals* combined. Just like the *Kelly* plaintiff, the Labels in this case allege that they have copyrighted the songs at issue, but they only provide the registration information for some -- and not all -- of those songs. As in *Kelly*, therefore, the Labels have properly alleged ownership only of the songs listed in Exhibit A. Because they have included an additional 5,247 songs in Exhibit C without any registration information, however, the Labels' complaint fails properly to allege copyright registration in accordance with Rule 8. *Kelly*, 145 F.R.D. at 37.

Further, the Labels compounded their Rule 8 violation by cloaking their insufficient allegations in an additional level of ambiguity. At least the defendant in *Kelly* knew who was suing him and for what songs. In this case -- as in *Four Navy Seals* -- the Labels deny Defendants even that much information by refusing to state which Label owns a registered copyright in which work.[4] And the Labels muddy the waters even further by refusing to specify which of their claims are under the Copyright Act and

---
[4] Tellingly, the Labels' opposition completely ignores the *Four Navy Seals* case.

which are under Tennessee law.  Such pleading violates Rule 8.  *Four Navy Seals*, 413 F. Supp. 2d at 1148.

As demonstrated by *Kelly* and *Four Navy Seals*, the Labels' vague and confusing copyright allegations do not come close to complying with Rule 8.[5]  The proper remedy, therefore, is for the Labels to provide a more definite statement.  Accordingly, this Court should grant Defendants' motion.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the motion and order the Labels to provide a more definite statement of their claims.

Respectfully submitted,

*/s/ Aton Arbisser*_____
Aton Arbisser
*Admitted Pro Hac Vice*
Kaye Scholer LLP
1999 Ave. of the Stars, Suite 1700
Los Angeles, CA 90067
aarbisser@kayescholer.com
Phone: (310) 788-1000
Fax:    (310) 788-1200

*/s/ Stephen J. Zralek*_____
Stephen J. Zralek (BPR:  018971)
Bone McAllester Norton PLLC
511 Union St. Ste 1600
Nashville, TN 37219
Phone: (615) 238-6300
Fax:    (615) 238-6301

Attorneys for Defendants

---

[5] Cases cited by the Labels holding that there is no heightened pleading requirement for copyright are inapposite.  (*See* Opp. at 7.)  Defendants have never contended that there is a heightened pleading requirement.  Defendants merely request that the Labels comply with their Rule 8 obligation to provide a short and plain statement of their claims, as explicated in *Kelly* and *Four Navy Seals*.

# CERTIFICATE OF SERVICE

I certify that I served a copy of this document via ECF on December 24, 2009, on:

>Timothy L. Warnock, Esq.
>Tim Harvey, Esq.
>Riley Warnock & Jacobson, PLC
>1906 West End Avenue
>Nashville, Tennessee 37203
>*Counsel for Plaintiffs*

                */s/ Aton Arbisser*